UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES L. SMITH,

      Plaintiff,             CIVIL ACTION NO. 05-CV-40017-FL

v.                            DISTRICT JUDGE PAUL V. GADOLA

DR. DALTON SANDERS,      MAGISTRATE JUDGE DONALD A. SCHEER

      Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Defendant's Motion to Dismiss should be GRANTED as Plaintiff has failed to establish any violations of his federally secured constitutional rights by any deliberate indifference to his serious medical needs.

*   *   *

Plaintiff, while a state prisoner at the Parr Highway Correctional Facility, in Adrian, Michigan [1] filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on February 2, 2005, against the above named Defendant, who is employed by the Michigan Department of Corrections (MDOC) to provide dental health services to the inmates at the Parr Correctional Facility. In his Complaint, Plaintiff alleged that the Defendant has been deliberately indifferent to his serious medical needs. Specifically, Plaintiff asserts that he was denied adequate dental care. Plaintiff insists that he be fitted for partial dentures,

---

[1] Plaintiff is still incarcerated at Parr Highway Correctional Facility.

but he refuses to consent to the extraction of a tooth deemed by the Defendant to be necessary for the placement of the new denture. Contending that the Defendant violated his right to be free from cruel and usual punishment under the Eighth Amendment by failing to provide specific dental treatment, Plaintiff sought declaratory and injunctive relief as well as monetary damages.

Defendant filed a Motion to Dismiss on April 8, 2005, based upon a failure to state a claim of a lack of proper medical care. Defendant denied any deliberate indifference to a serious medical need.  The doctor maintained that he was not deliberately or wantonly indifferent to Plaintiff's serious medical needs, and that he did not knowingly refuse to provide urgently needed medical care so as to cause residual injuries which could have been prevented with timely attention.  Plaintiff filed a response to Defendant's Motion to Dismiss on April 18, 2005, reiterating the allegations found in his complaint.

INADEQUATE MEDICAL TREATMENT

In order to establish an Eighth Amendment claim for improper or inadequate medical treatment, a prisoner must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In addition, mere negligent inattention to a prisoner's request for assistance does not offend substantive due process under the Fourteenth Amendment, Davidson v. Cannon, 474 U.S. 344 (1986), and medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

Estelle, 429 U.S. at p. 106.  Basically, there must be a knowing failure or refusal to provide urgently needed medical care which causes a residual injury that could have been prevented with timely attention. The court must consider the wide discretion allowed prison officials in their treatment of prisoners under authorized medical procedures. Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976).

A review of the circumstances here clearly reveals that Plaintiff's medical needs were not met with "deliberate indifference," "intentional delay," or "delay of access to medical care." Estelle, 429 U.S. at 104-105.  Based on the allegations in the Complaint, Plaintiff's medical needs were not treated with deliberate indifference. This case represents a classic disagreement between Plaintiff and his dentist regarding the appropriate course of dental treatment.  Plaintiff insists that tooth #12 can be "saved" for the fitting of a new partial denture, and the Defendant has determined that the tooth must be extracted. Plaintiff at all times retained adequate dentition for normal eating.  There is no evidence that he suffered severe bleeding or abraded gums as a result of not having his partial dentures.  An absence of evidence of chronic conditions, sores or inflammation dispels any claim of serious dental necessity.

Even accepting the facts as provided by Plaintiff, the record is clear that the Defendant was not deliberately or wantonly indifferent to his serious medical needs. The dentist did not knowingly refuse to provide urgently needed medical care, and his

conduct did not lead to residual injuries which could have been prevented with timely attention. Although Plaintiff may not have been happy with the quality of his dental care, the record demonstrates that health care personnel were at all times responsive to his medical condition.  In situations such as this, where there is a substantial record of medical treatment, or simply a difference of opinion between a prisoner and prison doctors, the requisite deliberate indifference has usually been held not to exist.   <u>Smart v. Villar</u>, 547 F.2d 112, 114 (10th Cir. 1976); <u>Mayfield v. Craven</u>, 433 F.2d 873 (9th Cir. 1970).

     For all of the foregoing reasons, it is recommended that Defendants' Motion to Dismiss be granted and the instant case dismissed. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Gadola's acceptance thereof is waived.

```
                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
Dated: July 14, 2005                    UNITED STATES MAGISTRATE JUDGE
```

_____
CERTIFICATE OF SERVICE

I hereby certify on July 14, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 14, 2005.  Charles Smith.

```
                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217
```