UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES L. SMITH,

                              Plaintiff,

                                              CIVIL CASE NO. 05-40017

v.

DR. DALTON SANDERS,                  HONORABLE PAUL V. GADOLA
                                                      U.S. DISTRICT COURT
                                Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983 in which Plaintiff Charles L. Smith alleges that Dr. Dalton Sanders was deliberately indifferent to his serious medical needs. Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Report and Recommendation of the Honorable Donald A. Scheer, United States Magistrate Judge. The Magistrate Judge recommends that this Court grant Defendant's motion to dismiss because Plaintiff has failed to establish any violations of his federally secured constitutional rights by any deliberate indifference to his serious medical needs. Plaintiff timely filed objections to the Report and Recommendation.

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo. Lardie*, 221 F. Supp.

2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Petitioner filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

Plaintiff objects to the Magistrate Judge's statement of the law and states that if he were provided discovery he would not only be able to show deliberate indifference to his serious medical

needs, but would be able to show a wide-spread practice of deliberate indifference at the correctional facility. The question, however, is not whether he can show deliberate indifference if provided discovery, but whether he has stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff argues that his allegations are sufficient to state a claim of deliberate indifference sufficient to survive a motion to dismiss. The Court, however, disagrees.

Plaintiff's allegations reveal that he is in need of a dental prosthetic known as a partial. The dentist, Dr. Sanders, refused to make Plaintiff a partial while Plaintiff still retained an unsound tooth that was broken off at the gum line. Plaintiff was called to the dental office to have the tooth removed, but Plaintiff did not allow Dr. Sanders to do so. Plaintiff wanted the tooth to be saved because he had already lost twelve teeth. The tooth could be saved, but only through placing a crown on the tooth. Yet, Michigan Department of Corrections (MDOC) regulations do not permit the department to provide crown services. *See* Compl. at 3-4. Plaintiff was informed that he could obtain such services at his own expense. Plaintiff's allegations show that Dr. Sanders repeatedly tried to persuade Plaintiff to have his unsound tooth removed so that he could receive a partial. Plaintiff states that MDOC regulations do not prohibit him from receiving a partial while still retaining his broken tooth. Yet, in response to Plaintiff's Step II Grievance, the regional dental director informed Plaintiff that he could not have a new partial made on an unsound tooth. Dr. Sanders informed Plaintiff that he could solve his dental problems by having the broken tooth extracted. Dr. Sanders tried to convince Plaintiff to do so, but Plaintiff refused to proceed with the recommended treatment.

Plaintiff contends that Dr. Sanders' acknowledgment that his tooth could be saved together

with his insistence on performing an easier, but less effective treatment, can constitute deliberate indifference. *See Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) ("We reaffirm our position in *Rogers* that grossly incompetent medical care or choice of an easier but less efficacious course of treatment can constitute deliberate indifference."); *Williams v. Vincent*, 508 F.2d 541, 544 (2d Cir. 1974). Just because an "easier but less efficacious course of treatment" *can* constitute deliberate indifference, does not mean that it necessarily *does*. Furthermore, it is clear from Plaintiff's allegations that Dr. Sanders decision not to make a new partial on an unsound tooth is not the sort of "easier but less efficacious course of treat" that can rise to the level of deliberate indifference. *See Williams*, 508 F.2d 541 (doctor threw away prisoner's severed ear, stitching the stump instead of attempting to reattach it); *Waldrop*, 871 F.2d 1030 (doctor chose not to prescribe depression medication for manic depressive prisoner who had complained of insomnia and nightmares, slashed his forearm, gouged his left eye, cut off his scrotum and testicles, and even blinded his right eye while under restraint);*Thomas v. Pate*, 493 F.2d 151 (7th Cir. 1974) (nurse injected prisoner with penicillin knowing prisoner to be allergic to penicillin and doctor refused to treat prisoner's allergic reaction); *Martinez v. Mancusi*, 443 F.2d 921 (2d Cir. 1970) (after prisoner received leg surgery, prison officials refused to give prisoner pain medication as prescribed by surgeon and required prisoner to stand despite surgeon's instructions to lay flat on his back). Furthermore, even if Dr. Sanders was negligent in addressing Plaintiff's medical needs which remained due to his refusal to have his tooth extracted, such negligence, even if malpractice, does not rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *David v. Cannon*, 474 U.S. 344 (1986).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objection [docket entry 18] to the Report and Recommendation is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 17] is **ACCEPTED** and **ADOPTED** as the opinion of the Court, Defendant's motion to dismiss [docket entry 7] is **GRANTED**, and Plaintiff's action is **DISMISSED**.

**SO ORDERED.**

Dated:  December 19, 2005                                         s/Paul V. Gadola
                                                                  HONORABLE PAUL V. GADOLA
                                                                  UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   December 19, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                              Julia R. Bell                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:         Charles Smith         .

                                                                  s/Ruth A. Brissaud
                                                                  Ruth A. Brissaud, Case Manager
                                                                  (810) 341-7845